UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00509-RGK-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | *Artist Publishing Group, LLC et al. v. Create Music Group, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss [DE 30]

## I.  INTRODUCTION

On April 8, 2025, Artist Publishing Group, LLC, Artist Partner Group, Inc., and Release Global, LLC ("Plaintiffs") filed the operative First Amended Complaint against Create Music Group, Inc., The Nation, LLC, Lowly Palace, LLC, and CBMG, LLC ("Defendants") asserting claims for copyright infringement, conversion, tortious interference with contractual relations, and violations of California's Unfair Competition Law ("UCL"). (ECF No. 24.)

Presently before the Court is Defendants' Motion to Dismiss. (ECF No. 30.) For the following reasons, the Court **GRANTS** the Motion **in part**.

## II.  FACTUAL BACKGROUND

Plaintiffs allege the following in the FAC:

Plaintiffs are a record label, a distribution company, and a music publishing company that own the copyrights in, or have exclusive licenses for, various musical compositions and sound recordings. Defendants' business model is to steal the intellectual property and contractual rights of others and exploit them for their own gain. Defendants accomplished their goal as it relates to Plaintiffs in four separate ways, three of which are relevant to the Motion.

First, Defendants falsely filed claims with YouTube asserting the right to collect royalties for Plaintiffs' sound recordings and musical compositions. Although the royalties belonged to Plaintiffs, YouTube paid Defendants the royalties based on their misrepresentations. Second, despite knowing that Plaintiffs had pre-existing agreements with certain third-party artists providing Plaintiffs with copyrights or exclusive licenses for certain recordings and compositions, Defendants entered "bogus contracts" with those artists to infringe those recordings and compositions. These "bogus contracts" induced the third-party artists to breach two provisions of their agreements with Plaintiffs: (1) their "representation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00509-RGK-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | *Artist Publishing Group, LLC et al. v. Create Music Group, Inc. et al.* | | |

and warranty" to Plaintiffs that they would not enter any agreement inconsistent with Plaintiffs' rights, and (2) their obligation to indemnify Plaintiffs in the event of breach. Third, Defendants uploaded Plaintiffs' sound recordings and musical compositions to digital service providers like Spotify and wrongfully collected royalties when they were streamed on those platforms.

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court may consider the complaint, materials incorporated into the complaint by reference, and matters of judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). It must "accept all factual allegations in the complaint as true." *Id.* The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.   DISCUSSION

Plaintiffs assert claims for: (1) direct copyright infringement, (2) vicarious copyright infringement, (3) conversion, (4) tortious interference with contractual relations, and (5) unfair competition under the UCL. Defendants move to dismiss solely the conversion, tortious interference with contractual relations, and UCL claims. They argue each of these claims are preempted by the Copyright Act, and, alternatively, that Plaintiffs have not adequately pled their conversion or UCL claims. The Court begins by addressing preemption, then considers whether Plaintiffs' conversion and UCL claims are adequately pled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00509-RGK-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | ***Artist Publishing Group, LLC et al. v. Create Music Group, Inc. et al.*** | | |

**A.     Preemption**

The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). State law claims are preempted when: (1) their subject matter "falls within the subject matter of copyright," and (2) the "rights asserted under state law are equivalent to" those protected by the Copyright Act. *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006). Section 106 of the Copyright Act provides the copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display. *Id.* at 1143 (citing *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973 (9th Cir. 1987). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (citing *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439–40 (9th Cir.1993)).

Defendants argue Plaintiffs' conversion, tortious interference with contractual relations, and UCL claims are preempted by the Copyright Act. The parties do not dispute that the first element of preemption is met because Plaintiffs' state law claims concern sound recordings and musical compositions, which fall within the subject matter of copyright. Thus, the Court proceeds to consider solely the second element of preemption as it pertains to each claim in dispute.

   1.     *Conversion*

Plaintiffs allege that Defendants converted royalties that belong to Plaintiffs by making false claims to and accepting royalties from YouTube. Defendants argue that the conversion claim is preempted because it is based on the alleged violation of Plaintiffs' rights to reproduce and distribute their musical compositions and sound recordings, which are exclusive rights under the Copyright Act. The Court disagrees. In their conversion claim, Plaintiffs do not allege that the royalties they seek to recover arise from Defendants' unlawful reproduction or distribution of their sound recordings or musical compositions. They simply allege that Defendants stole certain royalties that belonged to Plaintiffs. Thus, because Plaintiffs do not seek to vindicate any of the rights enumerated under section 106, their conversion claim is not preempted.[1] *See Holiday Legacy IP, LLC v. Cleveland*, 2014 WL 12573372, at *3 (C.D. Cal. Aug. 13, 2014); *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1154 (N.D. Cal. 1999) (finding no preemption because the plaintiff "allege[d] conversion of royalties, not of the works themselves").

---

[1] To be sure, the Court recognizes Plaintiffs also claim this alleged conduct constitutes copyright infringement. But at this stage of the proceedings, Plaintiffs are free to plead alternative theories of recovery, assuming the other theories of recovery are not preempted. *See Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 701 (9th Cir. 2021) ("[A] plaintiff can pursue multiple, even if inconsistent, theories of recovery in the same suit[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00509-RGK-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | ***Artist Publishing Group, LLC et al. v. Create Music Group, Inc. et al.*** | | |

    2.    *Tortious Interference with Contractual Relations*

    Plaintiffs allege that despite knowing that Plaintiffs had pre-existing agreements with certain third-party artists providing Plaintiffs with copyrights or exclusive licenses in certain recordings and compositions, Defendants entered "bogus contracts" with those artists to infringe those recordings and compositions. These "bogus contracts" allegedly induced the third-party artists to breach two provisions of their agreements with Plaintiffs: (1) their "representation and warranty" to Plaintiffs that they would not enter into any agreement inconsistent with Plaintiffs' rights, and (2) their obligation to indemnify Plaintiffs in the event of breach.

    Defendants argue that Plaintiffs' claim is preempted because the right they seek to protect is not solely a contractual right, but rather the right to distribute the recordings and compositions, a right covered by the Copyright Act. The Court agrees. The core of Plaintiffs' claim is Defendants' "tortious[] interfere[ence] with Plaintiffs' valid and preexisting contractual rights." (FAC ¶ 9.) Namely, their rights to license or otherwise distribute the relevant recordings and compositions. (*See id.* ¶ 74 (Defendants have "wrongfully engaged in direct negotiations with the [t]hird [p]arties in an unavailing attempt to obtain licenses directly from the [t]hird [p]arties").) That right is protected by the Copyright Act. *See* 17 U.S.C. § 106(3).

    In their Opposition, Plaintiffs attempt to avoid preemption by splitting hairs and pointing to contractual rights which, like their right to indemnity, are not covered by the Copyright Act. These efforts are unavailing. *See Stromback v. New Line Cinema*, 384 F.3d 283, 307 (6th Cir. 2004) ("The bottom line is that the foundation of [the] claim is . . . violation of rights that are granted under and protected by the Copyright Act."). Every commercial contract will bestow some right that is not covered by the Copyright Act; the question is whether those rights are qualitatively different from those protected under the Copyright Act. *See Altera Corp.*, 424 F.3d at 1089. And Plaintiffs have not provided any convincing explanation for how the third-party artists' "representation and warranty" or indemnity obligations confer any such qualitatively different right. Indeed, these provisions of the contract are only relevant if Plaintiffs' other rights under the contract, most notably their right to *distribute* the compositions and recordings as copyright owners or exclusive licensees, are violated. (*See* FAC ¶ 76 (noting that the contracts contain a representation and warranty by each third party that "he shall not enter into any agreement or perform any act which diminishes, or is inconsistent with, [Plaintiffs'] rights . . . under the [contract])"; FAC ¶ 78 (noting that the contracts impose a "contractual obligation to indemnify Plaintiffs against . . . any loss or damage caused by the [t]hird [p]arties' breach" of the representation and warranty).) Thus, Plaintiffs' tortious interference with contractual relations claim is preempted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00509-RGK-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | ***Artist Publishing Group, LLC et al. v. Create Music Group, Inc. et al.*** | | |

      3.    <u>UCL</u>

Plaintiffs' UCL claim is predicated on Defendants' alleged conversion of royalties from YouTube, as discussed above. Defendants argue that because Plaintiffs' conversion claim is preempted, their UCL claim is too. As discussed above, Plaintiffs' conversion claim is not preempted. As such, neither is the UCL claim.

In summary, Plaintiffs' conversion and UCL claims are not preempted. The tortious interference with contractual relations claim is preempted. Accordingly, the Court **GRANTS** the Motion with respect to the tortious interference with contractual relations claim and **DISMISSES** it **with prejudice**. *See Cinq Music Grp., LLC v. Create Music Grp., Inc.*, 2023 WL 4157446, at *3 (C.D. Cal. Jan. 31, 2023) ("Because [plaintiff's] claims are preempted, amendment would be futile, and . . . its claims are dismissed with prejudice.").

      **B.**    <u>**Conversion and the UCL**</u>

Defendants argue Plaintiffs fail to state a claim for conversion because they do not identify a specific identifiable sum that Defendants allegedly converted. Defendants further argue that because Plaintiffs' UCL claim is entirely reliant on their conversion claim, it also fails. A "conversion claim involving money requires there be a 'specific, identifiable sum involved' and the amount of money be 'readily ascertainable.'" *Care Plus Ins. Mktg. v. Conn. Gen. Life Ins. Co.*, 2010 WL 5394772, at *4 (E.D. Cal. Dec. 21, 2010) (citing *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395–96 (2007)). However, "[a]t the pleading stage . . . it is only necessary for a plaintiff to allege an amount of money that is capable of identification, rather than specifically identify the sum that would be required to prove the claim in a motion for summary judgment." *Wells Fargo Bank, Nat'l Ass'n v. Transamerica Life Ins. Co.*, 2020 WL 833518, at *13 (C.D. Cal. Feb. 19, 2020) (cleaned up). Here, Plaintiffs attach exhibits to the FAC which list each song that Defendants allegedly converted royalties for by submitting false claims to YouTube.[2] The amount converted is thus readily capable of identification by YouTube (who paid the royalties), Defendants (who received the royalties) and Plaintiffs (after discovery).

Defendants also argue that Plaintiffs "do no more than couch Plaintiffs' estimated damages for copyright infringement in the guise of a specific sum." *See Houston v. Ferguson*, 2010 WL 4393873, at * 6 (N.D. Cal. Oct. 29, 2010). The Court disagrees. In *Houston*, the plaintiffs alleged that the defendant converted the profits he received from unlawfully exploiting their copyrights. (*Id.*) The court characterized the conversion claim as "a general claim for damages for copyright infringement" and

---

[2] Defendants argue that Plaintiffs must specifically allege that their conversion claim is based on the royalties generated by the songs listed in the FAC's exhibits. However, the Court can readily infer as much because the conversion claim is based on Defendants submitting wrongful royalty claims to YouTube, and Plaintiffs have identified the songs for which Defendants submitted wrongful claims in the exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00509-RGK-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | *Artist Publishing Group, LLC et al. v. Create Music Group, Inc. et al.* | | |

dismissed it because the plaintiffs had not sufficiently identified a sum of money capable of being converted, even though the plaintiffs had estimated their damages. (*Id.*) Here, as discussed above with respect to preemption, and unlike *Houston*, Plaintiffs do not allege that Defendants converted the profits they received from unlawfully exploiting the copyrights. They allege that Defendants converted specific sums by filing claims with YouTube asserting the right to collect royalties for Plaintiffs' compositions and recordings. Thus, *Houston* is unpersuasive, and this argument fails.

Plaintiffs' conversion claim is adequately pled. Because the conversion claim survives, so does the UCL claim. Accordingly, the Court **DENIES** the Motion with respect to the conversion and UCL claims.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion **in part** and **DISMISSES** Plaintiffs' claim for tortious interference with contractual relations **with prejudice**. Plaintiffs' other claims survive.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | mal/aa |