1  ELLIOT GIPSON PC
   ELLIOT B. GIPSON (State Bar No. 234020)
2  EGipson@elliotgipson.com
   BRIANNA N. LOGAN (State Bar No. 347947)
3  BLogan@elliotgipson.com
   15260 Ventura Blvd., Suite 835
4  Los Angeles, California 91403
   Telephone: 310.817.1268
5

6  Attorneys for Defendants
   Create Music Group, Inc., The Nation, LLC,
7  Lowly Palace, LLC, and CBMG, LLC

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 | ARTIST PUBLISHING GROUP, LLC, a          CASE NO. 2:25-CV-00509
   | Delaware limited liability company;
12 | ARTIST PARTNER GROUP, INC., a
   | Delaware corporation; and RELEASE       **DEFENDANTS' ANSWER TO**
13 | GLOBAL, LLC, a California limited        **PLAINTIFFS' FIRST AMENDED**
   | liability company,                       **COMPLAINT AND DEFENDANT**
14 |                                          **CREATE MUSIC GROUP, INC.'S**
   |            Plaintiffs                     **COUNTERCLAIM COMPLAINT**
15 |
   |       v.
16 |
   |                                          Judge:      Hon. R. Gary Klausner
17 | CREATE MUSIC GROUP, INC., a              Courtroom:  850
   | Delaware corporation; THE NATION,
18 | LLC, a Delaware limited liability
   | company; LOWLY PALACE, LLC, a
19 | Delaware limited liability company; and  Action filed:  January 21, 2025
   | CBMG, LLC, a Delaware limited            FAC filed:     April 8, 2025
20 | liability company,                       Trial date:    February 10, 2026
   |
21 |            Defendants.

22

23

24

25

26

27

28

ANSWER AND COUNTERCLAIM COMPLAINT

CREATE MUSIC GROUP, INC., a Delaware corporation,

                Counterclaim Plaintiff

                v.

ARTIST PUBLISHING GROUP, LLC, a Delaware limited liability company; ARTIST PARTNER GROUP, INC., a Delaware corporation; and RELEASE GLOBAL, LLC, a California limited liability company,

                Counterclaim Defendants.

## ANSWER

      Defendants Create Music Group, Inc., The Nation, LLC, Lowly Palace, LLC, and CBMG, LLC (the "Defendants") answer Plaintiffs' First Amended Complaint (the "Complaint") on information and belief as follows:

## NATURE OF THE CASE

      1.    Defendants admit that Create Music Group, Inc. ("Create") operates as a record label, distribution company, and entertainment network. Except as admitted, Defendants deny Paragraph 1 of the Complaint.

      2.    Defendants admit that Create announced a $165 million investment led by private equity investment firm Flexpoint Ford. Defendants admit Create has a $1 billion valuation. Except as admitted, Defendants deny Paragraph 2 of the Complaint.

      3.    Defendants admit that Plaintiffs have asserted claims of copyright infringement against them. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 3 of the Complaint, and therefore deny the same.

      4.    Defendants deny Paragraph 4 of the Complaint.

      5.    Defendants deny Paragraph 5 of the Complaint.

      6.    Defendants deny Paragraph 6 of the Complaint.

7.     Defendants deny Paragraph 7 of the Complaint.

8.     Defendants deny Paragraph 8 of the Complaint.

9.     Defendants deny Paragraph 9 of the Complaint.

10.     Defendants deny Paragraph 10 of the Complaint.

11.     Defendants deny Paragraph 11 of the Complaint.

12.     Defendants deny Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.     Defendants admit that Plaintiffs have asserted claims of copyright infringement against them.

14.     Defendants admit that this Court has subject matter jurisdiction over this matter as pleaded.

15.     Defendants admit that this Court has supplemental jurisdiction over this matter as pleaded.

16.     Defendants admit that this Court has personal jurisdiction over Defendants because Defendants maintain their principal places of business in California. Defendants admit they conduct systematic and continuous business in California. Except as admitted, Defendants deny Paragraph 16 of the Complaint.

17.     Defendants admit that venue is proper in this district as this is where Defendants reside or may be found. Except as admitted, Defendants deny Paragraph 17 of the Complaint.

## THE PARTIES

### *Identity of Plaintiffs*

18.     Defendants admit that Plaintiff Artist Publishing Group is a Delaware limited liability company with its principal place of business in Los Angeles, California. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18 of the Complaint, and therefore deny the same.

ANSWER AND COUNTERCLAIM COMPLAINT

19.    Defendants admit that Plaintiff Artist Partner Group is a Delaware corporation with its principal place of business in Los Angeles, California. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19 of the Complaint, and therefore deny the same.

20.    Defendants admit that Plaintiff Release Global is a California limited liability company with its principal place of business in Los Angeles, California. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 20 of the Complaint, and therefore deny the same.

### *Identity of Defendants*

21.    Defendants admit Paragraph 21 of the Complaint.

22.    Defendants admit Paragraph 22 of the Complaint.

23.    Defendants admit that The Nation, LLC was formed in Delaware and maintains its principal place of business in Los Angeles, California. Except as admitted, Defendants deny Paragraph 23 of the Complaint.

24.    Defendants admit that Lowly Palace, LLC was formed in Delaware and maintains its principal place of business in Los Angeles, California. Except as admitted, Defendants deny Paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint does not require an admission or denial. To the extent that it does, Defendants deny Paragraph 25.

### *Defendants Are Alter Egos of Each Other*

26.    Defendants deny Paragraph 26(a)-(e) of the Complaint.

27.    Defendants deny Paragraph 27 of the Complaint.

28.    Defendants deny Paragraph 28 of the Complaint.

29.    Defendants deny Paragraph 29 of the Complaint.

30.    Defendants deny Paragraph 30 of the Complaint.

ANSWER AND COUNTERCLAIM COMPLAINT

## PLAINTIFFS' BUSINESSES AND THEIR COPYRIGHTS

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 31 of the Complaint, and therefore deny the same.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 32 of the Complaint, and therefore deny the same.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 33 of the Complaint, and therefore deny the same.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 34 of the Complaint, and therefore deny the same.

## DEFENDANTS' FALSE CLAIMS OF RIGHTS TO YOUTUBE

35.    Defendants deny Paragraph 35 of the Complaint.

## DEFENDANTS' MASSIVE INFRINGEMENTS OF PLAINTIFFS' COPYRIGHTS

36.    Defendants deny Paragraph 36 of the Complaint.

## DEFENDANTS ARE TORTIOUSLY INTERFERING WITH PLAINTIFFS' CONTRACTS

37.    Defendants deny Paragraph 37 of the Complaint.

38.    Defendants deny Paragraph 38 of the Complaint.

39.    Defendants deny Paragraph 39(a)-(g) of the Complaint.

## CREATE WILLFULLY INFRINGES THE COMPOSITION "DIAMONDZ N ROSES" BY RELEASING TWO TRACKS THAT PLAGAIRIZE IT

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 40 of the Complaint, and therefore deny the same.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 41 of the Complaint, and therefore deny the same.

42.     Defendants admit that Broke Records released a sound recording entitled "Montagem Diamante Rosa". Defendants admit that the composition of "Montagem Diamante Rosa" was published by Create Music Group. Except as admitted, Defendants deny Paragraph 23 of the Complaint.

43.     Defendants deny Paragraph 43 of the Complaint.

44.     Defendants admit that Plaintiffs sent Defendants a cease-and-desist letter. Except as admitted, Defendants deny Paragraph 44 of the Complaint.

45.     Defendants admit that Broke Records released an additional version of "Montagem Diamante Rosa". Except as admitted, Defendants deny Paragraph 45 of the Complaint.

46.     Defendants deny Paragraph 46 of the Complaint.

47.     Defendants deny Paragraph 47 of the Complaint.

48.     Defendants deny Paragraph 48 of the Complaint.

## **CLAIMS FOR RELIEF**

## **COUNT I – Direct Copyright Infringement (Against All Defendants)**

49.     Paragraph 49 of the Complaint does not require an admission or denial. To the extent that it does, Defendants deny Paragraph 49.

50.     Defendants deny Paragraph 50 of the Complaint.

51.     Defendants deny Paragraph 51 of the Complaint.

52.     Defendants deny Paragraph 52 of the Complaint.

53.     Defendants deny Paragraph 53 of the Complaint.

54.     Defendants deny Paragraph 54 of the Complaint.

55.     Defendants deny Paragraph 55 of the Complaint.

56.     Defendants deny Paragraph 56 of the Complaint.

**COUNT II – Vicarious Copyright Infringement (Against Create)**

57. Paragraph 57 of the Complaint does not require an admission or denial. To the extent that it does, Defendants deny Paragraph 57.

58. Defendants deny Paragraph 58 of the Complaint.

59. Defendants deny Paragraph 59 of the Complaint.

60. Defendants deny Paragraph 60 of the Complaint.

61. Defendants deny Paragraph 61 of the Complaint.

62. Defendants deny Paragraph 62 of the Complaint.

63. Defendants deny Paragraph 63 of the Complaint.

64. Defendants deny Paragraph 64 of the Complaint.

65. Defendants deny Paragraph 65 of the Complaint.

66. Defendants deny Paragraph 66 of the Complaint.

**COUNT III – Conversion (Against All Defendants)**

67. Paragraph 67 of the Complaint does not require an admission or denial. To the extent that it does, Defendants deny Paragraph 67.

68. Defendants admit that Plaintiffs' first and second causes of action are asserted under the Copyright Act. Except as admitted, Defendants deny Paragraph 68 of the Complaint.

69. Defendants admit that Plaintiffs likewise assert a cause of action for conversion and seek the alleged damages. Except as admitted, Defendants deny Paragraph 69 of the Complaint.

70. Defendants deny Paragraph 70 of the Complaint.

71. Defendants deny Paragraph 71 of the Complaint.

**COUNT IV – Tortious Interference with Contractual Relations (Against All Defendants)**

72-81. Pursuant to the Court's Order re Defendants' Motion to Dismiss, Plaintiffs' cause of action for Tortious Interference with Contractual Relations has been dismissed. Dkt No. 44.

**COUNT V – Violations of Unfair Competition Law (Against All Defendants)**

82.    Paragraph 82 of the Complaint does not require an admission or denial. To the extent that it does, Defendants deny Paragraph 82.

83.    Defendants admit that Cal. Bus. & Prof. Code 17200 states "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1[.]" Except as admitted, Defendants deny Paragraph 83 of the Complaint.

84.    Defendants deny Paragraph 84 of the Complaint.

85.    Defendants deny Paragraph 85 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate and additional defenses, upon information and belief, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to allege facts sufficient to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs' claims are barred because Plaintiffs lack standing to assert the claims in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

Plaintiffs are barred by the equitable doctrine of laches from asserting any of the claims for relief alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs are barred by the equitable doctrine of unclean hands from asserting any of the claims for relief alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs' claims are barred by the equitable doctrine of estoppel from asserting any claims for relief alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiffs' claims are barred by the equitable doctrine of waiver from asserting any of the claims for relief alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Justification)

All actions by Defendants of which Plaintiffs complain in the Complaint were justified and Defendants have at all times acted in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

(No Injury)

Plaintiffs are barred from obtaining any relief from Defendants because Plaintiffs have suffered no injury or damage as a result of any act or conduct by Defendants.

### NINTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

The injuries and damages alleged by Plaintiffs, if any, were proximately caused by persons or entities other than Defendants.

### TENTH AFFIRMATIVE DEFENSE

(Acquiescence)

Plaintiffs' claims are barred because of the doctrine of acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

(Intentional Acts of Others)

The sole and proximate cause of the damages claimed by Plaintiffs were and are due to the willful and intentional acts of persons or entities other than the answering Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWELVETH AFFIRMATIVE DEFENSE

(Nonjoinder of Parties)

Plaintiffs failed to join all indispensable parties. As a result of this failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to the parties in any possible future litigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Infringement)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not infringe the assets alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Causation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

(License)

Plaintiffs' claims are barred, in whole or in part, because Defendants have valid licenses for the alleged assets at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Offset)

Any of Plaintiffs' alleged sums owed should be offset against monies owed by the Plaintiffs to Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiffs' causes of action are barred because Plaintiffs have not suffered any actual compensable damages.

//

ANSWER AND COUNTERCLAIM COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs would receive more money than they are entitled to if they should prevail on their claims against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiffs' claims are barred, in whole or in part, on the grounds that any alleged use by Defendants was fair use.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Independent Creation)

Plaintiffs' causes of action are barred on the grounds that Defendants independently created the alleged infringing work.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Innocent Infringement)

In the event that the Court finds infringement, Plaintiffs' damages are limited as Defendants had no reason to believe that their acts constituted an infringement of copyright. 17 U.S.C. § 504(c)(2).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Protectable)

Plaintiffs' causes of action are barred because the alleged copyrighted work is unprotectable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Transformative Use)

Plaintiffs' claims are barred, in whole or in part, on the grounds that any alleged use by Defendants was transformative use.

//

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Valid Contract/License)

Plaintiffs' claims are barred because there are no valid contracts or licenses between Plaintiffs and the third parties alleged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation)

As to the entire Complaint, Defendants presently have insufficient knowledge or information on which to form a belief as to whether they have any additional, as yet unstated, defenses to the Complaint. Defendants reserve their rights to assert additional defenses if appropriate.

## CREATE MUSIC GROUP, INC.'S COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Create Music Group, Inc. (hereinafter "Create" or "Defendant"), by and through counsel hereby alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      Plaintiffs and Counterclaim Defendants Artist Publishing Group, LLC, Artist Partner Group, Inc., and Release Global, LLC (collectively, "APG") describe themselves as one record label, one distribution company, and one music publishing company. APG is a would-be competitor of Defendants. Originally founded by Michael Caren in 2007, APG took on new importance to Mr. Caren after his separation from Warner Music Group in 2020, and he began to separate his APG catalog from Warner Music Group's Atlantic catalog.  Although APG and its affiliates have carried the same moniker – APG – since its founding and through its days as a Warner label, it is in essence a new company since its separation from Warner.

2.      APG and Defendants have had issues in the past wherein each party has claimed the other party was wrongly claiming music belonging to the other party. At times Create has "released claims" in favor of APG.  At other times, APG has "released claims" in favor of Create. This is a normal and routine process in the music industry.

ANSWER AND COUNTERCLAIM COMPLAINT

3.    In fact, YouTube's content claiming system specifically recognizes that there may be several rights holders claiming a piece of the same music or music video asset and provides parties with a mechanism to split revenues amongst themselves by mutual agreement.  Previously, both APG and Defendants had a history of working out conflicts amongst themselves – as most record labels and music companies do.

4.    Since its separation from Warner, APG has struggled to compete with what it considers to be its peers. Unable to compete in the digital marketplace, APG has brought a lawsuit accusing Defendants of the very same illegal and unfair business practices that APG itself engages in. Specifically, APG routinely poaches Defendants' clients and artists despite knowing such artists have previously entered into exclusive contracts with Defendants.  APG then enters into new agreements with such artists which contradict the exclusive terms of the contracts such artists have with Defendants.

5.    Despite Defendants' efforts to avoid litigation through informal means, APG has decided to escalate the situation and file a flashy complaint with a wildly inflated and completely ludicrous claim of $30 million in damages against Defendants, knowing the media would pick it up. The purpose of APG's Complaint and nonsensical damages assertion was largely to produce bad press for Defendants and good press for APG.

6.     Indeed, APG's defamatory press strategy proved successful, as a number of outlets carried news of its lawsuit and its allegations, including the industry leading *Billboard Magazine* with the salacious headline "Artist Partner Group Sues Create Music Group for 'Brazen Thievery'." Article available here: https://www.billboard.com/pro/artist-partner-group-copyright-lawsuit-create-music/. The headline is a classic example of the pot calling the kettle black.

7.    Plaintiffs use the acronym "APG" as an umbrella term for both Artist Partner Group and Artist Publishing Group. According to Plaintiffs, APG (Artist Partner Group and Artist Publishing Group) is a modern, independent record label and music publishing

group for forward thinking and entrepreneurial artists and songwriters.[1] According to Plaintiffs, APG has three arms – Artist Partner, Artist Publishing, and Parametric Records which encompass APG's roster of artists, singles and producers/songwriters. *See id*. Release Global, LLC is a subsidiary of, or is owned by, Artist Partner Group, Inc.

8.    APG claims to own the copyrights in, and/or have exclusive licenses for, certain musical compositions and sound recordings attached to the FAC. *See* Dkt No. 24, First Amended Complaint at Exs. A and B.

9.    Defendant and Counterclaim Plaintiff Create Music Group, Inc. ("Create") is a leading music and entertainment company. Create is a dynamic, data-driven music company that leverages technology, has an audience of over 400 million fans, and maintains a valuable catalog of intellectual property. Create provides a full range of services to independent artists and labels, including music distribution, music publishing, marketing channels, content creation support, advertising and branding, and tailored financial solutions. Create works with numerous high-profile artists, major and independent record labels, and global media brands.

10.    Defendant The Nation, LLC ("The Nation") is a music and entertainment brand and offers access to numerous services and partnerships, including record labels, distribution, and marketing. The Nation maintains one of the largest music marketing networks of TikTok content creators.

11.    Defendant Lowly Palace, LLC ("Lowly") is an independent record label.

12.    Defendant CBMG, LLC is a record label.

13.    Collectively, Defendants have invested significant resources into certain artists and musical assets by: (a) entering into exclusive contracts with accomplished recording artists and songwriters; and (b) developing, marketing, and licensing highly successful musical compositions and sound recordings.

---

[1] https://www.youtube.com/@APGartistpg

https://variety.com/2020/music/news/artist-partner-group-miles-beard-1203469703/

ANSWER AND COUNTERCLAIM COMPLAINT

14.    Create Music Group, Inc. brings this countersuit to seek a remedy for the multiple ways in which APG has willfully violated Create's licenses in certain musical works by diverting Create's rightful revenues to APG instead.

15.    APG has falsely filed claims with YouTube in which they assert they have the right to collect revenues for certain sound recordings and musical compositions posted on YouTube. In truth, it is Create, and not APG, who has the right to collect these revenues. Because of APG's false claims, YouTube has mistakenly paid APG certain revenues which should have been paid to Create. Through this action, Create seeks to recover those revenues.

16.    Create has contractual rights, granted by certain artists, to collect the revenues of certain sound recordings and musical compositions, attached here in **Exhibit 1**. These artists include Antonion Anderson Jr., professionally known as "Macaroni Toni", Christopher Smith, professionally known as "Ybn Lil Bro", and Ahmhad Weathers, professionally known as "Mhady2hottie" (collectively, the "Create Artists"). These contracts grant Create the right to monitor, monetize, and collect revenues for these assets. All assets listed in Exhibit 1, for which Create maintains preexisting contractual rights, will be hereinafter referred to as the "Create Assets".

17.    Create's rights supersede any of APG's claimed contractual rights. APG claims they own the copyrights in, and/or have exclusive licenses for the Create Assets. However, as APG is aware, APG's alleged contracts are invalid as they post-date Create's contracts. Despite this, APG has blatantly violated Create's exclusive contractual rights to collect revenues from the Create Assets and has wrongly possessed revenues rightfully belonging to Create as described herein.

18.    At all relevant times, APG has known of Create's preexisting rights and exclusive revenue collection agreements with the Create Artists. By way of example and without limitation, the copyright management information which Create includes when they upload tracks from these artists placed APG on notice of Create's rights.

19.    APG has also wrongfully uploaded the Create Assets to digital service providers such as YouTube. APG has wrongfully collected the resultant revenues when such music is streamed. APG does not have any valid rights to collect the revenues related to these sound recordings and musical compositions. Rather, the right to collect revenue in connection with the Create Assets is exclusive to Create. By unlawfully collecting revenues for them, APG is willfully violating Create's revenue collection rights in the Create Assets.

20.    APG has also engaged in the willful copyright infringement of a musical composition for which Defendant CBMG, LLC is an exclusive licensee. Specifically, APG released and otherwise exploited a track entitled "Montagem Mysterious Game" under the artist iNTERNET UNDERGROUND (the "Infringing Song"). The Infringing Song flagrantly incorporates significant portions of "Montagem Mysterious Game" by LXNGVX (the "Original Song") in which CBMG maintains exclusive rights. CBMG issued a takedown notice to Spotify for the Infringing Song. Plaintiffs confronted Defendant and demand that it remove the takedown claim on the Infringing Song. Defendant informed Plaintiffs that it maintains a copyright in the Original Song and that the Infringing Song was a clear bootleg of the Original Song. The Infringing Song is still available on digital platforms, including but not limited to Apple Music, Sound Cloud, and YouTube. In fact, as a clear admission of infringement, under the credits of the Infringing Song on Apple Music, the Composer and Songwriter are listed as Nurgysa Kelinkozha. Nurgysa Kelinkozha, professionally known as "LXNGVX", granted an exclusive license to CBMG for the Original Song. Yet APG released the Infringing Song under the artist "iNTERNET UNDERGROUND". The unlawful streaming of the Infringing Song has provided APG with direct and indirect profits, and Defendant will seek to recover such unlawfully obtained profits. As soon as the Original Song's copyright registration number issues, Defendant CBMG will file a counterclaim against the Plaintiffs and Counterclaim Defendants for direct and vicarious copyright infringement.

21.    Create should be fully compensated for the harms APG has caused it. Moreover, the direct and indirect profits which APG usurped through their unlawful conduct should be disgorged and paid to Create.

## JURISDICTION AND VENUE

22.    This Court has supplemental jurisdiction over Create's state law claims pursuant to 28 U.S.C. § 1367.

23.    Additionally, this Court will have original subject matter jurisdiction over Defendant CBMG's copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) once it files its counterclaim.

24.    This Court has personal jurisdiction over Plaintiffs because Plaintiffs maintain their principal place of business within California and because Plaintiffs conduct systematic and continuous business in California. This Court also has personal jurisdiction over Plaintiffs because Plaintiffs committed a substantial part of the wrongful acts alleged in the Counterclaim Complaint within this district. Further, Plaintiffs elected to file this lawsuit in this district, thereby waiving any jurisdictional arguments.

25.    Venue is proper in this district under 28 U.S.C. § 1391 (b)-(c) and 28 U.S.C. § 1400(a) because a substantial part of the acts of infringement, and other events and omissions complained of herein occur, or have occurred, in this district, and this is a district in which Plaintiffs reside or may be found.

## THE PARTIES

26.    Defendant and Counterclaim Plaintiff Create Music Group, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California.

27.    Plaintiff and Counterclaim Defendant Artist Publishing Group, LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California at 816 N. Fairfax Avenue, 2nd Fl., Los Angeles, CA 90046. It is a music publishing company. Artist Publishing Group, LLC is managed by Michael Caren.

28.    Plaintiff and Counterclaim Defendant Artist Partner Group, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California at

816 N. Fairfax Avenue, 2ⁿᵈ Fl., Los Angeles, CA 90046. It is a record label. Michael Caren is its CEO.

29.    Plaintiff and Counterclaim Defendant Release Global, LLC is a California limited liability company with its principal place of business in Los Angeles, California at 816 N. Fairfax Avenue, 2ⁿᵈ Fl., Los Angeles, CA 90046. It is a distribution company. Release Global is managed by Artist Partner Group, Inc.

30.    On information and belief, Artist Publishing Group is the parent company of Artist Partner Group and publishes its releases.

31.    On information and belief, Artist Partner Group was founded in 2013 by music executive Michael Caren. Artist Partner Group is a sub-platform to Artist Publishing Group, which was founded by Michael Caren earlier in 2007. Both entities are collectively known as APG.

32.    On information and belief, Release Global, LLC is a subsidiary of, or is owned by Artist Partner Group, Inc.

33.    Plaintiffs and Counterclaim Defendants Artist Publishing Group, LLC, Artist Partner Group, Inc., and Release Global, LLC are referred to collectively herein as "APG" or "Plaintiffs".

34.    Plaintiffs are alter egos of each other.

35.    Plaintiffs misleadingly hold Artist Publishing Group, LLC, Artist Partner Group, Inc., and Release Global, LLC out to the public as separate and distinct corporate entities. In truth, they are alter egos of each other, *i.e.* they operate as a single enterprise—sharing one unified, common interest. Because the Plaintiffs are alter egos of each other, every Plaintiff is liable for the actions of the other Plaintiffs. The following non-exhaustive allegations establish that the Plaintiffs are alter egos of each other:

    a.    Plaintiffs have common ownership. Michael Caren is the founding owner of Artist Publishing Group. Michael Caren is also the CEO of Artist Partner Group, Inc. Artist Publishing Group is the parent company of Artist Partner Group. Release Global, LLC is a subsidiary of, or owned by, Artist Partner

Group, Inc.  Therefore, Artist Publishing Group in turn owns the other two Plaintiffs, directly or indirectly.

 b. On information and belief, Plaintiffs fail to observe corporate formalities.

 c. On information and belief, Plaintiffs comingle their assets.

 d. On information and belief, each of the Plaintiffs is dominated and controlled by the same individual: Michael Caren, who is the founder of Artist Publishing Group and the CEO of Artist Partner Group.

 e. Each of the three Plaintiffs operate out of the same office and utilize the same resources for conducting day-to-day business.

36. At all times mentioned in this Counterclaim Complaint, each of the Plaintiffs was the agent of each of the other Plaintiffs and, doing the things alleged in this Counterclaim Complaint, was acting within the course and scope of such agency.

37. If Plaintiffs are not held to be alter egos of each other, then there will be an inequitable result. If the alter ego doctrine is not applied, and only one of the three Plaintiffs is held liable for violating Create's rights at issue in this lawsuit, then the other two Plaintiffs will be able to continue violating Create's rights in the Create Assets.

38. Additionally, Create will not be able to recover all of its damages if Plaintiffs are not held to be alter egos of each other.

## DEFENDANTS' BUSINESSES AND COPYRIGHTS

39. Create Music Group, Inc. is a technology driven company that distributes and monetizes music across the Internet. Create provides a full range of services to independent artists and labels, including music distribution, music publishing, marketing channels, content creation support, advertising and branding, and tailored financial solutions. Create works with numerous high-profile artists, major and independent record labels, and global media brands. Create works with artists and labels to maximize the value of their music catalogs with technology driven distribution and content claiming strategies. Create monetizes content for more than 25,000 artists and 1,500 labels, has monetized more than 12 million videos, and its content captures more than 10 billion

monthly views. Given the scope of its business, Create has thousands of agreements with the owners of various music, audio, and audio-visual content.

40.    Defendant The Nation, LLC ("The Nation") is a music and entertainment brand and offers access to numerous services and partnerships, including record labels, distribution, and marketing. The Nation maintains one of the largest music marketing networks of TikTok content creators. The Nation maintains a partnership with Create.

41.    Defendant Lowly Palace, LLC ("Lowly") is an independent record label. Lowly maintains a partnership with The Nation.

42.    Defendant CBMG, LLC is a record label.

43.    Create owns, exclusively licenses, and/or controls the rights certain musical compositions and sound recordings, including the Create Assets which are listed in Exhibit 1. As the owner or exclusive licensee of the Create Assets, Create possesses the exclusive rights, among other things, to reproduce the Create Assets in copies, to adapt them, to distribute copies to the public, to perform them publicly by means of a digital audio transmission, and to monetize them.

## APG'S FALSE CLAIMING OF RIGHTS ON YOUTUBE

44.    APG has falsely filed claims with YouTube in which they assert that they have rights in the Create Assets, which they do not actually have the rights to. APG has asserted these claims for musical assets for which Create is the exclusive licensee. Because of APG's false ownership claims, YouTube paid Plaintiffs' revenues for these assets – however, these revenues should have been paid to Create. APG has wrongly claimed rights and received revenues for the assets set forth in Exhibit 1.

## APG'S VIOLATION OF CREATE'S RIGHTS

45.    APG has wrongfully uploaded to digital service providers and otherwise distributed and exploited the Create Assets included within the works set forth in Exhibit 1. Plaintiffs also have wrongfully collected revenues when these tracks are streamed and/or otherwise exploited. APG's actions are wrongful because they do not have a valid copyright ownership interest or license in these assets. Rather, the Create Assets are

ANSWER AND COUNTERCLAIM COMPLAINT

owned, exclusively licensed, and/or controlled by Create. By unlawfully uploading these works and/or collecting revenues for them, APG is engaging in a willful violation of Create's rights.

## **FIRST CAUSE OF ACTION**

### **(Conversion – Create against all Plaintiffs and Counterclaim Defendants)**

46.     Create repeats and realleges paragraphs number 1 through 44 as if fully set forth herein.

47.     Create is entitled to restitution for the wrongful actions of APG, which include but are not limited to, filing claims with YouTube that falsely assert they have rights to collect revenues earned by the Create Assets, and then wrongfully collecting revenues from YouTube for such assets (the "YouTube Claims").

48.     APG filed wrongful YouTube Claims against the assets listed in Exhibit 1. Therefore, APG has wrongfully received and diverted revenues for the assets listed in Exhibit 1.

49.     Create seeks relief for conversion for APG's wrongfully filed YouTube Claims, which improperly divert revenue earnings away from Create (the rightful owner) to APG. Accordingly, Create seeks a full disgorgement of all direct and indirect profits that APG received from the unlawful diversion of revenues for the Create Assets in which Create holds rights.

50.     Each of the Plaintiffs is liable for the tortious actions of the other Plaintiffs because they are all alter egos of each other.

51.     Given the nature of APG's conduct here, there are ample grounds for an award of punitive and exemplary damages in connection with Create's conversion claim in an amount to be determined at trial.

//

## SECOND CAUSE OF ACTION

### (Violations of Unfair Competition Law – Create against all Plaintiffs and Counterclaim Defendants)

52.    Create repeats and realleges paragraphs number 1 through 50 as if fully set forth herein.

53.    California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." (Cal. Bus. & Prof. Code 17200).

54.    Through the wrongfully filed YouTube Claims, APG has engaged in unlawful business acts and practices.

55.    Under the UCL, Create is entitled to disgorgement of all monies that belong to it, and which APG unlawfully and fraudulently obtained through the wrongful YouTube Claims for the Create Assets contained in Exhibit 1.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Create hereby demands a trial by jury of all issues in the Complaint and Counterclaim Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff prays for judgment as follows:

1.    That the Court deny declaratory judgment in its entirety;

2.    That APG takes nothing on its claims against Defendants;

3.    That the Court deny any injunctive relief in its entirety;

4.    That the First Amended Complaint be dismissed in its entirety with prejudice;

5.    For such equitable relief under Title 28 and/or the Court's inherent authority as is necessary to prevent or restrain violation of Create's rights in the Create Assets, including a permanent injunction requiring that Plaintiffs and their officers, agents, servants, employees, attorneys, directors, successors, assigns, licensees, and all others in active concert or participation with any

21

ANSWER AND COUNTERCLAIM COMPLAINT

of them, cease causing, aiding, enabling, facilitating, encouraging, promoting, inducing or materially contributing to or participating in the violation of Create's rights in the musical works listed in Exhibit 1;

6. For the disgorgement of all direct and indirect profits received by APG for the unlawful diversion of earnings from the Create Assets for which Create has exclusive rights and has provided no licenses to APG, plus exemplary and punitive damages;

7. For restitution and/or other equitable relief, including disgorgement of all monies which APG unlawfully obtained from YouTube, and which rightfully belong to Create;

8. For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against APG;

9. For all the costs of suit and attorneys' fees incurred by Defendants herein as the prevailing party, and by all other available law, statute, caselaw, and/or equity; and

10. For such other and further relief as the Court may deem just and proper.


DATED: June 17, 2025                          ELLIOT GIPSON PC
                                              ELLIOT B. GIPSON
                                              BRIANNA LOGAN



                                              By_____ /s/ Brianna Logan_____
                                                    BRIANNA LOGAN
                                              Attorneys for Defendants Create Music Group, Inc., The Nation, LLC, Lowly Palace, LLC, and CBMG, LLC, and Counterclaim Plaintiff Create Music Group, Inc.

ANSWER AND COUNTERCLAIM COMPLAINT